# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABUREE DUGGAN                           Case No:

          Plaintiff,

vs.

WEST ASSET MANAGEMENT, INC.

          Defendant.

## COMPLAINT

### INTRODUCTION

1. West Asset Management violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 when it told Aburee Duggan she had to pay a minimum amount to get into the Student Loan Rehabilitation Program.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in the District because the acts and transactions occurred here, Duggan lives here and West Asset transacts business here.

### PARTIES

4. Aburee Duggan lives in Allegheny County, Pennsylvania.

5. She is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. West Asset is a Delaware corporation operating as a collection agency.

7. West Asset is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a third-party servicer of defaulted student loans who is required to comply with the Family Federal Educational Loan Program ("FFEL"), 34 C.F.R. § 682 et seq., in the course of its student loan collection activities.

## FACTS

8. Duggan defaulted on a guaranteed student loan.

9. The loan is a "debt" as that term is defined by 15 U.S.C. § 1692a(5)

10. Duggan within the past year asked West Asset about entering the rehabilitation program pursuant to her rights under the FFEL. In addition to speaking with a female collector, Duggan spoke to a gentleman identifying himself as Mr. Hicks. Duggan was under the impression that Mr. Hick's is a Manger. Duggan was spoken to in a demeaning manner.

11. Under the program, the rehabilitation repayment plan was to be nine (9) payments within twenty (20) days of their monthly due dates over a ten (10) month period.

12. To enter into the program, Duggan had to make a monthly payment that was reasonable and affordable for her.

13. There is no minimum amount that must be paid.

14. West Asset told Duggan on two occasions, possibly three, she had to pay a "minimum amount" of $420.00 to enter the program. This statement is false.

15. Duggan could not afford this "minimum amount."

16. West Asset did not inquire into Duggan's personal expenses or economic circumstances in an attempt to determine a reasonable and affordable monthly payment amount to rehabilitate Duggan's student loan as required by the FFEL, 34 C.F.R. § 682.405.

17. West Asset's failure to obtain documentation of Duggan's current income, expenses, and other economic circumstances in determining an agreed upon reasonable and affordable minimum monthly repayment amount and requiring a "minimum payment" are unfair, false and deceptive collection practices violating numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f, amongst others.

18. Duggan received a letter from West Asset Management in October, 2009. Duggan was told by Hicks that West Asset sends the letter in order to entice consumers to call West Asset. The letter is deceptive and violates 15 U.S.C. § 1692e, 1692e(10) and 1692f.

19. Duggan suffered actual damages as a result of these illegal collection activities in the form of anger, anxiety, emotional distress, fear, upset, frustration and monetary loss.

## CAUSE OF ACTION

20. Duggan incorporates by reference the above paragraphs of this complaint as though fully stated herein at length.

21. The foregoing acts and omissions of West Asset constitute numerous and multiple violations of the FDCPA, including but not limited to each one of the above cited provisions.

22. As a result of West Asset's violations, Duggan is entitled to actual damages, statutory damages and reasonable attorney's fees and costs.

WHEREFORE, Aburee Duggan prays that judgment be entered against West Asset Management, Inc. for

  (a) Actual damages,

  (b) Statutory damages,

  (c) Reasonable attorney's fees and costs, and

  (d) Such other and further relief as the Court shall deem just and proper.

                Respectfully Submitted,

                JEFFREY L. SUHER, P.C.

/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. #74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp.com

JURY TRIAL DEMANDED